Chief Justice
Boyle delivered the Opinion of the Court.
This is a writ of error to a judgment of the-Clarke circuit court, overruling a motion of the plaintiff in error, to quash a.writ of restitution awarded in favor of the defendant, at a previous, term of tlr- court, upon quashing a writ of habere facias possessionem, which had been returned by the sheriff, executed,
Sundry grounds were taken by the plaintiff, on. his motion- in the court below, to quash the writ of restitution, but they may all be- reduced to two-classes. 1st. such as question the truth of the sheriff's return upon the writ of habe.re facias possessionem; and 2nd such as question the correctness of tli» decision of the court, at its firmer term,, in quashing the habere facias possessionem, and awarding the writ of restitution.
In such case, the correctness of the judgment quashing the ivric of habere facias possessionem, and awarding the writ of restitnfi in, cannot he enquired into.
The grounds of the first of these classes, evidently cannot be sustained, for so high is the verity of the sheriff’s return regarded inlaw, that in general 'no averment is admitted against it, and although there are exceptions to this general rule, none of these exceptions apply to a case of this sort, where it is attempted to question the sheriff’s return, in a proceeding in the same ease in which the return has been uiade, as was held by this court, in the case of Smith vs. iiornbeck, 3 Marshall, 392.
Nor are we.of opinion that, the grounds of the second class can be sustained. The adjudication of the court, quashing the habere facias possessionem, and awarding the writ of restitution, was final in its nature, and having been rendered at a former term of the court, it ceased to have any power over the judgment, and, if erroneous, Ifie proper remedy was, not by motion to that court, but by a writ of error to this The, circuit court therefore, correctly overruled the plaintiff’s motion, and the judgment must be affirmed with costs.
Haggin for plaintiff; Hanson for defendant.